UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BETTY MCCRORY**                              **CIVIL ACTION**

**VERSUS**                                     **NO. 15-2293**

**WAL-MART LOUISIANA, INC., ET AL**            **SECTION "C"**

## ORDER AND REASONS

This removed matter comes before the Court on the issue of whether the jurisdictional amount existed at the time of removal. Having reviewed the record, the memorandum of the defendants (plaintiff having submitted no memorandum) and the law, the Court finds that remand is appropriate.

The plaintiff, Betty McCrory, seeks damages for personal injuries arising from a fall she sustained after tripping over a misplaced rug at a Wal-Mart store. Rec. Doc. 1-2 at 2. Plaintiff filed suit on February 26, 2015. Per Louisiana state law, the complaint did not specify the amount which plaintiff seeks to recover. *Id*. On May 26, 2015, in response to defendants' request for admissions, plaintiff denied that the damages she sought do not exceed $75,000.00. *Id*. at 18. Based on this admission, defendants removed this action to federal court on June 24. *Id*.

1

The parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. *Id*. It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938), *citing*, *McNutt v. General Motors Corp.*, 298 U.S. 178, 182-89 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982), *cert. denied*, 459 U.S. 1107 (1983).

The defendants do not claim that the existence of the jurisdictional minimum was facially apparent from the complaint. Instead, they argue that the jurisdictional minimum is met based on plaintiff's denial that the damages sought do not exceed $75,000, together with information from their claims administrator that plaintiff fractured her left shoulder and allegations in plaintiff's complaint that she suffered further injuries. Rec. Doc.

The Court finds that defendants have not made a showing sufficiently particularized to meet their burden. The record does not show significant medical expenses and does not specify the severity of any alleged disability. By defendants' own admission, awards for shoulder injuries vary widely, and are often below the jurisdictional threshold. Rec. Doc. The cases to which defendants cite in which the award exceeded $75,000 involve injuries that defendants have not shown are present in the instant suit. For instance, in *Rayburn v. Ponthieux*, 902 So.2d

1136 (La. App. 3rd Cir. 2005), the plaintiff suffered a complete rotator cuff tear—a different injury from the one alleged here. In *Dupre v. Maison Blanche, Inc.*, 712 So.2d 567 (La. App. 1st Cir. 1998), the plaintiff suffered a fracture *and* dislocation to her right shoulder, and also a contusion to her left hip. Although plaintiff denies that the amount claimed does not exceed $75,000, the Court does not find this admission alone to be persuasive as the parties cannot consent to federal jurisdiction.

Based on the record and the law, the Court cannot find that defendants have established diversity jurisdiction. In addition, the Court is mindful that removal jurisdiction is strictly construed. *See*, *Shamrock Oil $ Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986). When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C *Federal Practice and Procedure: Civil*, 3739.

Accordingly,

IT IS ORDERED that this motion is REMANDED to the Twenty First Judicial District Court for the Parish of Tangipahoa, State of Louisiana for lack of jurisdiction under 28 U.S.C. 1448(c).g

New Orleans, Louisiana this 21st day of July 2015.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE